### KNIGHT v. BURNS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 11, 1926

480. EVIDENCE—Where suit is brought to compel one to pay over funds in his hands to stockholders, a cross demand in the form of equitable setoff making another party defendant, alleging the said party is only stockholder and that suit was brought to defraud the holder of the money as the stockholder owes him in excess of the amount in his hand, evidence of this nature should be admitted.

460. EQUITY—Where corporation stock is all owned by one man, equity will disregard corporate entity so as to procure substantial justice.

LEVINE, P. J.

Howard Burns was appointed receiver of the Fairmount Pharmacy Co. by order of the insolvency court. He brought an action against Wallace Knight in the Cuyahoga Common Pleas alleging that the assets of the corporation were all sold and debts paid, and that Knight held the proceeds and refused to pay them to the stockholders. Further he prayed for an accounting of all funds in Knight's hands.

Knight filed an answer, and made one Kelly party defendant. In his second defense he invoked the doctrine of equitable set-off for the amount he claimed Kelly owed him. At the trial Knight introduced evidence upon his second defense, that all the net proceeds would go to Kelly; that Kelly was indebted to him in excess of the amount he held; that Kelly procured the receiver for the express purpose of defrauding him, etc.

The trial court sustained an objection to the evidence and it is here to determine whether the evidence was properly rejected.

The Court of Appeals held:

1. The trial court apparently took the view that since the receiver is acting in behalf of the corporation, Knight would be limited to a debt owed him by the corporation itself and the debt owed him by Kelly could not be considered in the way of equitable setoff or cross demand.

2. "There is a consistent determination by courts to look through corporate forms, and this disposition is shown with increasing firmness as the interests of justice require." Auglaize Co. v. Hinton, 100 OS. 505, at pg. 518.

3. Equity will look through the form of the transaction, and adjust the equities of the parties with a view to its substance rather than its form, so long as no superior equities of third persons will be affected by such adjustment.

4. In every case where the stock of a corporation is owned, entirely by one party, and the party in interest is the stockholder, the fiction of separate entity of the corporation may be disregarded where the ends of justice require it. Cinn. Volksblatt Co. v. Hoffmeister 62 OS. 198; State ex v. Standard Oil, 49 OS. 137.

5. The ancient maxim "Equity regards the substance rather than the form" seems to us applicable to this case. In order to sustain the position of the trial court, it would be necessary to regard the form rather than the substance.

Judgment reversed.

(Sullivan and Vickery, JJ., concur.)

Attorneys—Stearns, Chamberlain & Royon for Knight; Locher, Green & Woods for Burns; all of Cleveland.