Levine, Appellee, *v.* Sun Drug Co., Inc., et al., Appellants.

(Decided December 21, 1939.)

*Mr. Jonas Abrams,* for appellee.

*Messrs. Ingalls & Warnick* and *Mr. J. A. Staker,* for appellants.

McCurdy, J. This action was instituted in the Court of Common Pleas of Scioto county, Ohio, on June 22, 1938, against Sun Drug Company, Inc., an Ohio corporation engaged in the drug business at Portsmouth, Ohio, for judgment in the sum of $3,689, for the foreclosure of a chattel mortgage, for a temporary restraining order enjoining the defendant from in any manner disposing of its property, and for the appointment of a receiver to take charge of the chattel property. William Deckelbaum was made a defendant for the purpose of having the restraining order and receivership apply to him and his property, and the Security Central National Bank of Portsmouth, Ohio, was made a defendant for the purpose of enjoining it from permitting either the corporation or Deckelbaum to withdraw

money in its possession held by it for either Deckelbaum or the corporation. On June 29, 1938, a receiver was appointed after notice of hearing therefor was given. The entry of appointment presented to the trial judge purported to have been signed by the attorneys for plaintiff and the defendant Sun Drug Company. On September 7, 1938, Sun Drug Company filed its answer praying for dismissal of the action against it, in which answer the corporation admitted having executed the chattel mortgage in question but denied its authority so to do, and denied it was indebted to the plaintiff. On July 16, 1938, Kauffman-Lattimer Company filed its intervening petition in which it claimed to represent itself and numerous other creditors of the Sun Drug Company. It denied the validity of the chattel mortgage in question, claiming that it was *ultra vires,* and prayed that the case be dismissed against the Sun Drug Company, that the receiver be discharged, that the mortgage be declared void, and for other relief. On July 30, 1938, several other parties claiming to be creditors filed what was termed a denial of the authority of the receiver.

Upon the issues joined a hearing was had and the Court of Common Pleas held that the plaintiff was entitled to have a receiver appointed and ordered the receiver to liquidate the assets of the corporation. It also held that the chattel mortgage was effective as between the plaintiff and William Deckelbaum and Sun Drug Company, Inc., but that the lien arising was junior to the rights of all merchandise creditors of the corporation. A motion for new trial having been overruled, the defendants, Sun Drug Company, Inc., and the Kauffman-Lattimer Company, perfected their appeal to this court on questions of law in which they assign seven grounds of error, most of which are predicated on the question of the validity of the indebtedness and chattel mortgage claimed by the plaintiff and the weight of the testimony in relation to the

insolvency of William Deckelbaum and the corporation, Sun Drug Company, Inc.

It is undisputed that Marc Levine organized the corporation, Sun Drug Company, Inc., and operated a drug business in Portsmouth, Ohio, under the name of the corporation, that the entire issue of capital stock was ten shares and that all of the shares were owned by him. On November 15, 1937, he entered into a written contract with William Deckelbaum, agreeing to sell to Deckelbaum all of the shares of stock for the sum of $5,800. Deckelbaum paid $2,000 in cash and the balance of $3,800 was evidenced by a promissory note, payable in installments and signed by Deckelbaum. Deckelbaum agreed that the stock be held in escrow as security for the payment of the note and that the corporation execute and deliver a chattel mortgage covering its assets, which consisted of the store in Portsmouth, Ohio. At the time of executing the agreement the stock was placed in escrow and the chattel mortgage was executed, William Deckelbaum signing the corporate name thereto. Deckelbaum took possession of all of the assets of the corporation and the operation of the store at Portsmouth, Ohio, where he proceeded to do business under the name of Sun Drug Company, Inc. He defaulted upon the payment of his note which, under the terms of the note and mortgage, caused the full amount to become due and warranted foreclosure.

Under these facts it becomes unnecessary to dwell upon the proposition that the corporation had no authority to execute the note, that its act was *ultra vires* or that William Deckelbaum operated as an individual or a corporation. The appellants in their exhaustive and meticulously prepared brief fail to recognize the undisputed fact that before and after sale the corporation was owned by one man—Levine before sale and Deckelbaum after sale. As between themselves it is immaterial whether they used the corporate fiction

in place of their individual identity and it is immaterial whether the ownership of the shares of stock actually was vested in Deckelbaum. The result remains the same. Their intent was clear and the rule of law that the fiction of the separate entity of the corporation may be disregarded is applicable and controlling. 10 Ohio Jurisprudence, 63, Section 15. *Knight* v. *Burns,* 22 Ohio App., 482, 154 N. E., 345. William Deckelbaum, the purchaser of all of the stock, is estopped from using the alias of the corporation to set up a plea of *ultra vires* against the mortgage. *Strauss* v. *Imperial Motor Car Co.,* 28 C. C. (N. S.), 574, 30 C. D., 425. The corporation itself is likewise estopped and the corporation is Deckelbaum. As between Levine and Deckelbaum justice must prevail and Deckelbaum can not now defeat either the claim, or security therefor, of Levine for the purchase money of all of the stock in the corporation. The entity of the corporation and the individual must be regarded as the same. The trial court protected the rights of all creditors without notice of this condition and we find no errors growing out of its ruling in this regard.

The answer of the corporation, signed by Deckelbaum, could properly have been permitted to remain on file, but striking it from the files raises no prejudice in this case since the issues remain exactly the same because of the allegations of the intervening petition. Also, all issues raised by the answer were made the subject of testimony at the time of trial.

The record discloses ample evidence supporting the insolvency of both the corporation and William Deckelbaum. The record does not support any of the appellants' claims of error.

*Judgment affirmed.*

Blosser, P. J., and Gillen, J., concur.