**GEIGER et al., Appellants,**

v.

**KING et al., Appellees.**

[Cite as *Geiger v. King,* 158 Ohio App.3d 288, 2004-Ohio-4227.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–108.

Decided Aug. 10, 2004.

Kemp, Schaeffer, Rowe & Lardiere Co., L.P.A., Christopher L. Lardiere and Darren A. McNair, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., and John P. Gartland, for appellee Ray J. King.

Thomas & Fulmer Co., L.P.A., and Amy M. Fulmer, for appellee Franklin Abstracting & Title Agency, Inc., d.b.a. Northwest Title.

McFadden & Associates Co., L.P.A., and Bradley P. Toman, for appellee First American Title Insurance Company.

SADLER, Judge.

{¶ 1} Plaintiffs-appellants, Steven M. Geiger, Morrison Road Development Company, Inc. ("MRDC"), and Geiger Excavating, Inc. ("GE"), appeal from the judgment of the Franklin County Court of Common Pleas granting the separate

motions to dismiss of defendants-appellees, attorney Ray J. King, Franklin Abstracting & Title Agency, Inc., d.b.a. Northwest Title ("Northwest Title"), and First American Title Insurance Company ("First American"), and also granting the separate motions for summary judgment filed by each of the defendants-appellees. The motions to dismiss were directed to the claims of MRDC and GE, while the motions for summary judgment were directed to Geiger's claims.

{¶ 2} In January 1999, appellants filed a complaint against appellees, asserting claims for legal malpractice, negligence, breach of fiduciary duty, and fraud. This complaint was dismissed, pursuant to Civ.R. 41(A), in January 2001. In January 2002, essentially the same complaint was filed against appellees on behalf of MRDC and GE. Geiger and his wife, Wendy Geiger, rather than a licensed attorney, filed the second complaint. The trial court dismissed the complaint in May 2002 on the basis that a complaint filed by a nonattorney on behalf of a corporation constituted the unauthorized practice of law and was a nullity.

{¶ 3} In June 2002, appellants, through counsel, again filed a complaint against appellees, asserting the same claims asserted in the two previous complaints. The trial court dismissed the complaint on the basis that it was filed beyond the applicable statute of limitations. The trial court found that because the May 2002 complaint was filed in violation of R.C. 4705.01, it did not constitute the commencement or attempted commencement of an action, and thus appellants could not avail themselves of the saving statute, R.C. 2305.19.

{¶ 4} Appellants appealed, and this court affirmed the trial court's dismissal. *Geiger v. King*, 10th Dist. No. 03AP–1228, 2004-Ohio-2137, 2004 WL 886896. In that case, we held that the filing of the May 2002 complaint by nonattorneys did not constitute "attempted commencement" as that phrase is used in R.C. 2305.19 because that complaint was a nullity. We further held that appellants' claims, reasserted through counsel in a complaint filed outside the applicable limitations period, were barred and not saved by R.C. 2305.19.

{¶ 5} During the pendency of the appeal in case No. 03AP–1228, appellees filed motions for summary judgment, seeking dismissal of all claims against them asserted by Geiger. On December 15, 2003, the trial court granted all three motions for summary judgment. In the complaint, Geiger had alleged that MRDC did not receive proceeds to which it was entitled from a real estate transaction between seller MRDC and buyers who were clients of attorney King. Geiger further alleged that he is a shareholder and the president of MRDC, that MRDC had retained King to represent its interests in the real estate transaction, and that King had committed malpractice against MRDC in his handling thereof.

{¶ 6} In granting summary judgment in favor of appellees, the trial court found that Geiger failed to allege or provide any evidence of any contractual or other

duty owed by appellees to Geiger personally. The court found that, on the evidence adduced, reasonable minds could find only that Geiger was not owed any duty by any of the appellees, and that Geiger's status as a shareholder and officer of MRDC did not confer upon appellees any duties to him personally in connection with the real estate transaction subject of the complaint. The court noted that all of the documents created in connection with the transaction demonstrate that it was MRDC alone, and not Geiger individually, that had the interest in the real estate and in the fruits of the transaction.

{¶ 7} Geiger had argued to the trial court that he should be allowed to pursue the claims in the complaint personally, since, in previous litigation between MRDC and the clients of King who were parties to the real estate transaction, a jury had adjudged Geiger to be MRDC's alter ego and imposed liability upon Geiger personally. Geiger had argued that appellees were collaterally estopped from arguing that Geiger and MRDC are not one and the same, and that the issue was res judicata. The trial court rejected this argument.

{¶ 8} The trial court found that the related doctrines of res judicata and collateral estoppel did not apply in the manner urged by Geiger because the appellees had not been parties to, and had not been in privity with, any of the parties to the previous litigation. The court further found that the factual and legal issues were different in the previous litigation, in which King's clients had sought to impose personal liability upon Geiger for intentional torts such as conversion, interference with business relations, and trespass, as well as breach of contract. Furthermore, the trial court rejected Geiger's "reverse piercing" theory as totally unsupported by legal precedent.

{¶ 9} Appellants appealed both trial court decisions, and assert the following two assignments of error for our review:

I. The trial court improperly granted defendant-appellees' motions to dismiss where appellants commenced or attempted to commence their action before the expiration of the statute of limitations and properly re-filed within the time allowed by the Ohio savings statute, § 2305.19.

II. The trial court improperly granted appellants' motion for summary judgment against Steven M. Geiger where Steven M. Geiger was deemed to be the alter ego of Morrison Road Development Company in a previous case and where all factors were present to properly pierce the corporate veil.

{¶ 10} In *Geiger v. King,* 10th Dist. No. 03AP–1228, 2004-Ohio-2137, appellants appealed the same judgment and asserted the same assignment of error, which raised the same issues as appellants raise herein by their first assignment of error. We determined that appellants' January 2002 complaint was a nullity due to the fact that it was filed by nonattorneys on behalf of a corporation. We further determined that because the earlier filing was a nullity, it did not

constitute commencement or attempted commencement for purposes of R.C. 2305.19. Thus, we held, because the claims were not refiled through counsel until after the expiration of the applicable limitations period, they are time-barred and the trial court properly dismissed them. Because we have already disposed of the very issues addressed by appellants' first assignment of error, that disposition became the law of the case and we overrule the first assignment of error advanced herein on that basis.

{¶ 11} In support of the second assignment of error, Geiger argues that the trial court should not have rejected his reverse-piercing theory. On the contrary, we find that the trial court was entirely correct. Notwithstanding the lack of identity of parties and issues in the previous litigation in which a jury found Geiger to be the alter ego of MRDC, as the trial court correctly noted, piercing of the corporate veil is to be done only by one aggrieved by the unjust and unlawful acts of an officer acting as the alter ego of a corporate entity; it is not to be used by a corporate officer to redress wrongs allegedly done to the corporate entity.

{¶ 12} In support of his reverse-piercing theory Geiger cites *Humitsch v. Collier* (Dec. 29, 2000), 11th Dist. No. 99–L–099, 2001 WL 20733. However, that case is inapposite. First, the *Humitsch* court rejected the reverse-piercing theory for lack of evidence that the individual debtor was the alter ego of the corporation. Second, the reverse-piercing that was sought in that case was a creditor seeking to attach the assets of a corporation that was not a party to the transaction when the creditor claimed the money loaned to the individual debtor was in fact used solely for the benefit of the corporation. This scenario bears no resemblance to the facts of the present case. Additionally, we have previously rejected the very same type of reverse-piercing theory discussed in *Humitsch.* See *Mathias v. Rosser,* 10th Dist. No. 01AP–768, 2002-Ohio-2772, 2002 WL 1066937.

{¶ 13} The doctrine of piercing of the corporate veil, as accepted in Ohio, was set forth by the Supreme Court of Ohio in *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075, as follows:

> The corporate form may be disregarded and *individual shareholders held liable* for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and
> (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

(Emphasis added.) Id. at paragraph three of the syllabus.

{¶ 14} As explained by the *Belvedere* court, the doctrine is to be used *against* an officer or shareholder who is the alter ego of a corporation, not *by* such an

individual. Geiger cannot use the totally unsupported theory of reverse-piercing to hold parties who contracted with MRDC liable to Geiger personally because, in unrelated judicial proceedings involving different parties, a personal judgment was rendered against Geiger as a result of his own intentional torts. Finding no merit therein, we overrule appellants' second assignment of error.

{¶ 15} Having overruled both of appellants' assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BOWMAN and BROWN, JJ., concur.