ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Superior Piping Contractors, Inc. ("Superior"), appeals the decision of the trial court which granted summary judgment to appellee, Reilly Industries, Inc. ("Reilly"). For the following reasons, we reverse and remand the matter to the trial court.
 {¶ 2} In January 2002, Superior filed a complaint against Reilly asserting, inter alia, that Reilly breached its contract with Superior. The trial court dismissed Superior's complaint with prejudice, finding as follows:
 {¶ 3} "The court, having reviewed all evidentiary material filed by the parties and having read all the arguments on the issue of standing, hereby dismisses plaintiff's complaint. The court finds the facts of Bain Builders v. Huntington National Bank (July 5, 2001) Cuyahoga App. No. 78442, and the law contained therein, more analogous to the facts in this case than Thom's, Inc. v. Rezanno (Nov. 10, 1988) Cuyahoga App. Nos. 54541, 54671, 54691. Plaintiff does not have standing to bring these claims."
 {¶ 4} On appeal to this court, Superior asserted that the trial court erred in dismissing its complaint on the basis that it lacked standing to bring the claims. This court, however, affirmed the trial court, specifically stating as follows:
 {¶ 5} "Because Superior's articles of incorporation had been cancelled for twelve years, Superior was not a corporation at the time of the suit. Therefore, Superior, acting as a corporation had no capacity to commence an action."
 {¶ 6} Thereafter, Superior moved this court for reconsideration and clarification, arguing for the first time that the trial court's dismissal should read "without prejudice" rather than "with prejudice" because it was based on Superior's "lack of standing." This court denied Superior's motion, holding that Superior failed to raise the argument in the trial court or on appeal.
 {¶ 7} On February 4, 2004, Superior filed another action against Reilly, alleging virtually identical claims as those in the prior action. Pursuant to Reilly's pre-answer motion for summary judgment in which it argued that Superior's claims were barred by the doctrine of res judicata, the trial court found as follows:
 {¶ 8} "Motion of Reilly Industries Inc [sic] (filed 03/24/2004) for summary judgment is granted. The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Reilly Industries Inc [sic] is entitled to judgment as a matter of law. Plaintiff's claims are barred by the doctrine of res judicata. Defendant's pre-answer motion for summary judgment pursuant to Civ. R. 12 and Civ. R. 56 is granted against plaintiff, Superior Piping Contractors, Inc. Case dismissed with prejudice. Final."
 {¶ 9} Superior now appeals, citing as its sole assignment of error that the trial court erred in holding that its claims were barred by res judicata. In support of its claimed error, Superior contends that res judicata is inapplicable because Superior's claims in the prior action were dismissed for lack of standing, which is not an adjudication on the merits. Superior's contention is well-taken.
 {¶ 10} The doctrine of res judicata bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action where there was a valid, final judgment rendered upon the merits. Grava v. Parkman Twp.,73 Ohio St.3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226. A dismissal for lack of standing is not an adjudication "on the merits" for the purposes of res judicata. See Asher v. City of Cincinnati (Dec. 23, 1999), Hamilton App. No. C-990345; Metmor Financial, Inc. v. Slimmer (May 17, 1996), Trumbull App. No. 95-T-5341. Likewise, a dismissal for lack of capacity to sue is not an adjudication "on the merits." L W SupplyCo., Inc. v. Construction One (Mar. 31, 2000), Hancock App. No. 5-99-55A (holding that a dismissal on the basis of lack of capacity to sue is a procedural matter, rather than a matter concerning the substance of the case); see, also, Johns v. County of San Diego (C.A.9, 1997), 114 F.3d 874,877-878 (although the case was properly dismissed as to appellant when he was a minor because he lacked the capacity to sue, the dismissal should have been without prejudice to allow appellant to bring the action when he reached the age of majority); Korte Trucking Co. v. Broadway FordTruck Sales (E.D.Mo. 1994), 877 S.W.2d 218, 220 (dismissal for the reason that appellant did not have capacity to sue was not an adjudication on the merits).
 {¶ 11} In Superior's first appeal, this court affirmed the decision of the trial court and relied upon Benefit Management Consultants v.Gencorp (May 22, 1996), Summit App. No. 17488, which held that a court may enter summary judgment based on lack of capacity to sue. This court also relied upon the law contained in Bain Builders v. HuntingtonNational Bank (July 5, 2001), Cuyahoga App. No. 78442 in holding that Superior had no standing to commence the action since Superior's articles of incorporation had been cancelled at the time it commenced the action. According to Bain, when the corporation's articles of incorporation are cancelled, "[a]ny lawsuit maintained by the corporation must be for [the winding up of its affairs] or based on an existing claim or one that would have accrued against it." The Bain court held that because the corporation's articles of incorporation were cancelled more than 18 months before the corporation commenced the action, the corporation "had no standing to institute" the action.
 {¶ 12} Although both Benefit and Bain allow a trial court to dismiss an action of or grant summary judgment against a corporation whose articles of incorporation are cancelled because the corporation lacks standing to sue, neither case address the specific issue raised here — whether such dismissal is an adjudication on the merits for the purposes of res judicata.[1] Here, it was erroneous for the trial court to dismiss Superior's claims with prejudice in the prior action, when the basis for the dismissal — that Superior lacked standing to sue — was purely procedural and did not concern the substance of the case. While Superior waived this error by raising it for the first time with this court on a motion for reconsideration, to preclude Superior's second action only continues the error from the prior action without Superior's claims ever adjudicated "on the merits." Because adjudication "on the merits" is a prerequisite to the application of res judicata, the trial court erred in granting summary judgment to Reilly, as there has never been a valid, final judgment on the merits of Superior's claims. Thus, Superior's sole assignment of error is sustained, the trial court's decision granting summary judgment to Reilly is reversed, and this action is remanded to the trial court.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., Concurs.
 Dyke, J., Concurs in judgment only.
[1] In Bain, this court did not entertain appellees' argument that appellants were barred by the doctrines of res judicata and/or collateral estoppel. Instead, this court held that because it found "summary judgment appropriate," it "need not address whether summary judgment could have been appropriate under any other theory." In Benefit, there was no argument before the court that res judicata applied to bar appellant's claims. Thus, Bain and Benefit are analogous to the instant action only to the extent that Superior lacked the capacity to sue Reilly because its articles of incorporation were cancelled.