JOURNAL ENTRY and OPINION
{¶ 1} AAA American Construction, Inc. brought this contract action against defendant Alpha Graphic, alleging that Alpha Graphic breached an agreement to pay for renovations that AAA made to Alpha Graphic's office space. Alpha Graphic filed a motion to dismiss claiming that AAA lacked the legal capacity to sue because AAA's corporate charter had been revoked. The court denied the motion to dismiss and ordered AAA to amend its complaint "to reflect the real party in interest." That amendment was made to name plaintiff Phillip Talarico as the plaintiff. The matter then proceeded to trial and the court granted judgment in Talarico's favor. The two issues raised in this appeal contest the court's decision to allow the complaint to be amended and its refusal to dismiss the complaint.
 I {¶ 2} Alpha Graphic sought dismissal under Civ.R. 12(B)(6). When ruling on a motion to dismiss brought pursuant to Civ.R. 12(B)(6), the court is confined to the allegations of the complaint and must determine whether it appears beyond doubt that the plaintiff can prove no set of facts that would entitle a court to render judgment on a claim for relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144.
 {¶ 3} The complaint very clearly sets forth a viable claim for breach of contract. Alpha Graphic does not dispute the adequacy of the contract claim, but argued that AAA lacked capacity to sue because its corporate charter had been revoked. None of the facts alleged by Alpha Graphic in support of its argument relating to legal capacity to sue were set forth in the complaint. Indeed, Alpha Graphic submitted evidence to show the charter revocation. But in doing so, Alpha Graphic went beyond the allegations of the complaint and thus beyond the strictures of Civ.R. 12(B)(6). See State ex rel. Findlay Publishing Co. v. Schroeder (1996),76 Ohio St.3d 580, 581. Thus, the court would have erred by denying the motion to dismiss.
 {¶ 4} Nonetheless, under some circumstances, the court may convert a Civ.R. 12(B)(6) motion to dismiss that includes evidence beyond the allegations of the complaint into a motion for summary judgment, but it must give notice to the parties of its intent to do so. See Petrey v.Simon (1983), 4 Ohio St.3d 154, syllabus. A conversion of a motion to dismiss into a motion for summary judgment may be accomplished with the implied consent of the parties where, as here, both parties submit evidence beyond the allegations of the complaint and do not raise the conversion as an issue on appeal. Indeed, AAA responded to the motion to dismiss by noting that it was then actively seeking reinstatement of its articles of incorporation. And no party has raised the issue of conversion in this appeal. Consequently, we find that the parties impliedly waived any notice required in the process of converting the motion to dismiss into a motion for summary judgment.
 {¶ 5} There is no doubt that AAA, having had its corporate charter revoked, could not bring suit in this state. R.C. 1701.13(A) permits a corporation to sue and be sued. However, R.C. 5733.20 states that if a corporate charter is canceled by the Secretary of State for failure to pay franchise taxes, "all the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation or by such certificate of authority shall cease, subject to section 1701.88 of the Revised Code." The only powers that a corporation has after the cancellation of its charter are set forth under R.C. 1701.88. Those powers are generally to wind up its affairs and prosecute any existing claim or action. See State ex rel. Falke v. Montgomery Cty. ResidentialDevelopment, Inc. (1988), 40 Ohio St.3d 71, 74.
 {¶ 6} Alpha Graphic presented uncontroverted evidence showing that AAA's corporate charter had been revoked on December 28, 1998 (the parties entered into the contract on May 1, 1998). AAA filed the complaint on May 2, 2003. Without a doubt, AAA lacked the capacity to bring suit since the suit was unrelated to the powers granted to AAA under R.C.1701.88. On its face, Alpha Graphic's motion to dismiss would have been well-taken.
 II {¶ 7} AAA opposed the motion by noting that it would be inequitable for Alpha Graphic to avoid the terms of the contract by relying on AAA's incapacity to bring suit. AAA also argued that it was attempting to have its articles of incorporation reinstated, and noted that in that event, it would be able to bring suit under claims that existed at the time the articles of incorporation were cancelled, including the claim asserted here.
 {¶ 8} The court chose not to address the merits of the motion. Instead, it denied the motion to dismiss and stated, "the Court finds Plaintiff to amend complaint to reflect the real party in interest * * *." At that point, Talarico filed an amended complaint, asserting an identical claim for relief.
 {¶ 9} We are unable to find any basis for the court's order directing AAA to amend its complaint to reflect "the real party in interest." There is nothing in the record to show that AAA wanted to amend its complaint, and ordinarily, a court has no duty under Civ.R. 15(A) to order sua sponte that a party file an amended complaint. Moore v. Rickenbacker (May 3, 2001), Franklin App. No. 00AP-1259. On the other hand, there is nothing in the Rules of Civil Procedure that prohibits the court from sua sponte ordering a party to file an amended pleading. Nevertheless, the court's discretion to sua sponte order a party to amend a pleading must be tempered with reference to Civ.R. 7(B)(1). In construing the identical federal rule, the court in Calderon v. Kansas Dept. of Social and Rehab.Serv. (C.A.10, 1999), 181 F.3d 1180, 1186 stated:
 {¶ 10} "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits. This policy is not limitless and must be balanced against Fed.R.Civ.P. 7(b)(1), which governs the requirements for all motions and provides that any motion `shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.' By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that `the court can comprehend the basis of the motion and deal with it fairly.'" (internal citations omitted).
 {¶ 11} By ordering AAA to file an amended complaint in response to the motion to dismiss, the court must have assumed that Talarico was AAA's sole shareholder and would file the complaint in his own name. But there was no evidence of Talarico's relationship to AAA at the time. In fact, the only mention in the record of Talarico's relationship to the company was a statement in the initial complaint that he was AAA's general manager. Nothing in that statement would suffice to permit the court to conclude at that time, as it was later shown, that Talarico was AAA's sole shareholder.
 {¶ 12} In addition, the court's decision to permit Talarico to file the action in his own name sidesteps a very serious issue relating to the corporate entity. Persons incorporate for many different reasons, but perhaps foremost among them is to be insulated from personal liability on the debts of the corporation. Hence, officers of a corporation will generally not be held individually liable on contracts they enter into on behalf of the corporation unless they bind themselves individually.Britton v. Smythe, Cramer Co. (2000), 139 Ohio App.3d 337, 352.
 {¶ 13} Talarico signed the contract as an "authorized representative of AAA American Construction Services, Inc." He did not sign in his personal capacity, nor did the contract evince any intent on his part to be personally bound by AAA's legal obligations. Hommel v. Micco (1991),76 Ohio App.3d 690, 697. The court's decision to permit Talarico to file the complaint as an individual was, in effect, a "reverse" piercing of the corporate veil. In Geiger v. King, 158 Ohio App.3d 288,2004-Ohio-4227, the Tenth District Court of Appeals stated at ¶ 11, "piercing of the corporate veil is only to be used by one aggrieved by the unjust and unlawful acts of an officer acting as the alter ego of a corporate entity; it is not to be used by a corporate officer to redress wrongs allegedly done to the corporate entity." In short, we see nothing in the record that would have permitted the court to exercise its discretion to order Talarico to file a sua sponte complaint. Under the facts presented in this case, the court's decision to order Talarico to file a complaint as in individual was arbitrary and capricious since it lacked any basis in law or fact.
 {¶ 14} We stress that this is not a case where the court would have been required to permit a plaintiff to amend a complaint in response to a dismissal that had been filed before the defendant had filed a responsive pleading. In State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, the supreme court held that a plaintiff may, as a matter of right under Civ.R. 15(A), amend a complaint after the court has granted a motion to dismiss if the defendant had not first filed a responsive pleading. That is not the case here, as Alpha Graphic had filed a responsive pleading well before it filed its motion to dismiss.
 {¶ 15} Our decision to reverse here is not ultimately fatal to AAA. InSuperior Piping Contractors, Inc. v. Reilly Industries, Inc., Cuyahoga App. No. 84871, 2005-Ohio-1318, we considered the same question of the legal effect of a corporation's lawsuit being dismissed because its corporate charter had been revoked. We held that a dismissal under those circumstances was not a dismissal on the merits and thus not res judicata for any subsequent action on the same complaint. Hence, assuming that AAA is able to have its articles of incorporation reinstated, it would not be prejudiced from again bringing an action against Alpha Graphic. The assigned errors are sustained.
Judgment reversed and remanded.
Blackmon, A.J., concurs.
Anthony O. Calabrese, Jr., J., Dissents With Separate Opinion.