NATIONAL CRIME REPORTING, INC., Appellant,

v.

McCORD & AKAMINE, L.L.P., Appellee.

[Cite as *Natl. Crime Reporting, Inc. v. McCord & Akamine, L.L.P.*, 177 Ohio App.3d 551, 2008-Ohio-3950.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–935.

Decided Aug. 5, 2008.

Weltman, Weinberg & Reis, and Allen J. Reis, for appellant.

Kevin E. Humphreys, for appellee.

BROWN, Judge.

{¶ 1} National Crime Reporting, Inc. ("National"), plaintiff-appellant, appeals a judgment of the Franklin County Municipal Court, in which the court granted summary judgment to McCord & Akamine, L.L.P. ("McCord"), defendant-appellee.

{¶ 2} The underlying factual circumstances of the case are not germane to the single issue on appeal. On June 12, 2007, National filed a complaint against McCord, alleging breach of contract and unjust enrichment. On August 2, 2007, McCord filed a motion to dismiss National's complaint, claiming that National lacked the legal capacity to sue McCord, pursuant to R.C. 1703, because National was doing business in Ohio under an unregistered fictitious name or was an unregistered foreign corporation. National admitted it had not registered a trade name in Ohio, but claimed it had submitted an application for registration of corporation name as a foreign corporation on August 15, 2007.

{¶ 3} On September 14, 2007, the trial court filed an entry indicating that it was converting McCord's motion to dismiss into a motion for summary judgment. A hearing was held on the motion. On October 9, 2007, the trial court granted summary judgment in favor of McCord, finding that National could not commence or maintain the present action because it had not complied with R.C. 1703. The trial court issued a judgment granting the motion for summary judgment in which it indicated that it was granting summary judgment on all claims for relief asserted in National's complaint, and insofar as the decision may be deemed a

dismissal of the action, the determination was predicated upon Civ.R. 12(B)(6), with no exception as permitted by Civ.R. 41(B)(3). National appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court erred in determining that all Appellant's claims should be dismissed with prejudice.

{¶ 4} In its sole assignment of error, National argues that the trial court granted summary judgment on a procedural aspect rather than upon the merits of the case; thus, the dismissal should have been without prejudice and otherwise than on the merits. National seeks reversal of the trial court's decision in order to take advantage of the saving statute, R.C. 2305.19, which permits the refiling of an action within one year of the date the plaintiff's claim failed otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 5} The trial court granted summary judgment to McCord based upon National's failure to comply with R.C. 1703. R.C. 1703.03 provides that no foreign corporation shall transact business in Ohio unless it holds a license to do so issued by the Ohio secretary of state. Any foreign corporation that fails to obtain such a license is prohibited from maintaining any action in any Ohio court until it has obtained the license. R.C. 1703.29(A). National does not dispute that at the time it filed the present case, it was a foreign corporation that was not registered to do business in Ohio; thus, it was not permitted to maintain any legal action in Ohio.

{¶ 6} We first note that while the trial court granted summary judgment to McCord, the trial court also stated in its judgment that insofar as the judgment may instead be deemed a dismissal of the action, the dismissal was predicated upon Civ.R. 12(B)(6), with no exception under Civ.R. 41(B)(3). However, the dismissal in the present case was properly based upon summary judgment, not Civ.R. 12(B)(6), as the trial court explicitly considered evidence outside the complaint when resolving the matters. See Civ.R. 12(B); *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12[B][6] motion to dismiss; otherwise, the court must convert the motion to dismiss into a motion for summary judgment). Thus, the trial court's alternative finding, that the dismissal was predicated upon Civ.R. 12(B) with no exception under Civ.R. 41(B)(3), is of no consequence.

{¶ 7} Generally, summary judgment, pursuant to Civ.R. 56, is an adjudication on the merits that operates as a dismissal with prejudice. See *Stuller v. Price*, Franklin App. No. 02AP–29, 2003-Ohio-583, 2003 WL 257459, at ¶ 23, citing

*Cunningham v. A–Best Prods. Co.* (July 26, 1995), Washington App. No. 94CA29, 1995 WL 450815. However, National cites *L & W Supply Co. v. Constr. One, Inc.* (Mar. 31, 2000), Hancock App. No. 5–99–55, 2000 WL 348990, for the proposition that a complaint filed by a plaintiff that lacks the capacity to sue in Ohio that is dismissed upon summary judgment is a dismissal without prejudice because a dismissal based upon that ground is procedural rather than upon the merits. In *L & W Supply Co.*, the plaintiff, a foreign corporation not registered to do business in Ohio, filed a lawsuit against the defendant. Subsequently, the defendant filed a motion for summary judgment based upon the plaintiff's failure to obtain a license to transact business in Ohio, which the trial court granted. The trial court held that the plaintiff lacked a present capacity to sue the defendants in Ohio and specifically dismissed all of the plaintiff's claims with prejudice. The plaintiff appealed.

{¶ 8} On appeal, the plaintiff argued, among other things, that the trial court erred when it determined that the plaintiff's claims should be dismissed with prejudice. The court of appeals agreed. The appellate court explained that the trial court's rationale for granting the dismissal was that at the time of the filing of the complaint, the plaintiff lacked the capacity to maintain an action in Ohio due to its failure to obtain a license pursuant to R.C. 1703.29. The court of appeals held, however, that the trial court's dismissal was a dismissal of the plaintiff's claims on a procedural aspect rather than on the merits. Citing 1 Ohio Jurisprudence 3d Actions, Section 172, the court reasoned that generally, when the term "merit" is used in connection with the determination of an action, it embraces a consideration of substance, not of form, and of legal rights, not of mere defects of procedure or practice or the technicalities thereof. Therefore, the court in *L & W Supply Co.* concluded that it was erroneous for the trial court to dismiss the plaintiff's claims with prejudice when the basis for the dismissal was a procedural matter rather than one concerning the substance of the case.

{¶ 9} *L & W Supply Co.* is directly on point legally and factually with the present case. The lack of capacity to sue is purely a procedural matter and does not go to the underlying merits of the action. The trial court's granting of summary judgment here was based solely on National's lack of capacity to sue, and the court never reached the substance of the case, which was National's breach of contract and unjust enrichment claims. Only a dismissal going to the substance of the controversy constitutes an adjudication on the merits. See *Fleming v. Am. Capital Corp.* (Feb. 26, 1976), Franklin App. No. 75AP–466, 1976 WL 189396, citing *State ex rel. Kopchak v. Lime* (1975), 44 Ohio St.2d 3, 73 O.O.2d 2, 335 N.E.2d 700. As the court in *L & W Supply Co.* concluded, in the present case, the merits were never reached because the substance of the case was not addressed. Because the dismissal was based upon a procedural matter

rather than the substance of the case, there was no adjudication upon the merits, and the trial court should have dismissed the action without prejudice.

{¶ 10} At least one other court has cited *L & W Supply Co.*, Hancock App. No. 5–9955, 2000 WL 348990, for the proposition that a dismissal on the basis of lack of capacity to sue is a procedural matter, rather than a matter concerning the substance of the case. See *Superior Piping Contrs., Inc. v. Reilly Industries, Inc.*, Cuyahoga App. No. 84871, 2005-Ohio-1318, 2005 WL 678987, at ¶ 10, citing *L & W Supply Co.; Johns v. San Diego Cty.* (C.A.9, 1997), 114 F.3d 874, 877–878 (although the case was properly dismissed as to appellant when he was a minor because he lacked the capacity to sue, the dismissal should have been without prejudice to allow appellant to bring the action when he reached the age of majority); and *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.* (Mo.App. 1994), 877 S.W.2d 218, 220 (dismissal for the reason that appellant did not have capacity to sue was not an adjudication on the merits). In *Superior Piping*, the court of appeals was confronted with an issue similar to that in the present case. In that case, the trial court had previously dismissed the plaintiff's action with prejudice due to its lack of capacity to sue because its articles of incorporation had been cancelled at the time it commenced the action. After the trial court dismissed the plaintiff's subsequent action based upon the fact that the prior action had been dismissed with prejudice, the appellate court was confronted with the issue of whether the prior dismissal, based upon lack of capacity to sue, was an adjudication on the merits. The court in *Superior Piping* concluded that it had been erroneous for the trial court to dismiss the plaintiff's claims with prejudice in the prior action when the basis for the dismissal—lack of capacity to sue—was purely procedural and did not concern the substance of the case. Id., at ¶ 12.

{¶ 11} We also find our reasoning in *New Method Textiles, Inc. v. TGI Friday's, Inc.* (June 28, 1994), Franklin App. No. 93APG10–1360, 1994 WL 312915, helpful to our analysis of the present case. In *New Method*, the trial court dismissed the plaintiff's action without prejudice, pursuant to R.C. 1329.10(B), which indicates that no person doing business under a trade name or fictitious name may commence an action in the trade name or fictitious name until it has registered such name with the secretary of state. Upon appeal, this court affirmed the trial court's finding that the plaintiff lacked the capacity to sue and held that the trial court did not err in making the dismissal without prejudice under the circumstances involved. We reasoned that R.C. 1329.10(B), like R.C. 1703 in the present case, does not preclude the commencement of an action merely because business was transacted without a license from the secretary of state but, instead, provides expressly that such action may not be commenced with respect to such a transaction until first complying with the licensing

requirements. Upon compliance with R.C. 1329.10, like R.C. 1703, such an action may be commenced. Accordingly, this court in *New Method* concluded that the trial court properly dismissed the action without prejudice.

{¶ 12} Therefore, *L & W Supply Co., Superior Piping,* and *New Method* support a finding that the trial court's summary judgment in the present case was based upon a procedural matter and was not an adjudication on the merits. As the judgment was not upon the merits, the trial court should have dismissed National's action without prejudice. Having dismissed the action with prejudice, the trial court erred. Thus, National's assignment of error must be sustained.

{¶ 13} Accordingly, National's assignment of error is sustained. The judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court to enter a new judgment dismissing the action without prejudice.

Judgment reversed
and cause remanded.

McGRATH, P.J., and FRENCH, J., concur.