[Cite as *Pexco, L.L.C. v. N. Coast Scenic, L.L.C.*, 2015-Ohio-4543.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| PEXCO, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0002** |
| NORTH COAST SCENIC, LLC, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CV 00221.

Judgment: Affirmed.

*Dale D. Cook* and *Michael L. Close*, Isaac Wiles Burkholder & Teetor, LLC, Two Miranova Place, Suite 700, Columbus, OH 43215 (For Plaintiff-Appellant).

*North Coast Scenic, LLC*, 826 Cleveland Road, Ravenna, OH 44266 (Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Pexco, LLC, appeals from the award of summary judgment entered in favor of appellee, North Coast Scenic, LLC, relating to a complaint on an account. Appellant alleged appellee never paid for products ordered by appellee and delivered by appellant. At issue is whether the trial court properly found the doctrine of res judicata operated to bar appellant's complaint as a matter of law. For the reasons discussed below, we affirm the judgment of the trial court.

{¶2} On May 28, 2013, appellant filed a complaint on an account against appellee in the Portage County Municipal Court seeking payment in the amount of $14,020. Appellee filed a Civ.R. 12(B)(6) motion to dismiss, arguing appellant was not registered to do business in the state of Ohio, and as a result, it did not possess the capacity to maintain an action against appellee in the state. On October 23, 2013, the Municipal Court's magistrate decision recommended dismissing the action. The trial judge adopted the decision. Appellant neither filed objections to the magistrate's decision nor appealed the trial court's judgment.

{¶3} On March 18, 2014, appellant re-filed its complaint in the Portage County Court of Common Pleas. Appellee filed a motion to dismiss, which appellant duly opposed. On July 11, 2014, the trial court denied appellee's motion.

{¶4} On September 25, 2014, appellee filed a motion for summary judgment, alleging appellant's complaint was barred by the doctrine of res judicata. Appellee pointed out appellant's complaint involved the same parties as well as the same rights, questions, and facts that were at issue in the previous Municipal Court action. Appellee therefore argued the Municipal Court's dismissal represented a conclusive determination of the issues raised before the Court of Common Pleas.

{¶5} Appellant subsequently filed a memorandum in opposition to appellee's motion for summary judgment. Appellant claimed its previous action was dismissed without prejudice; appellant, however, did not directly address the impact of appellee's argument relating to the application of res judicata. Instead, appellant asserted that even though it was an unregistered foreign LLC, it was not "transacting business" in the state such that it was prevented from maintaining the lawsuit. And, even if the court

determined it was "transacting business," it could still maintain the suit because it had registered with the Ohio Secretary of State.

{¶6} After considering the pleadings and their attachments, the trial court granted summary judgment in appellee's favor, concluding the Municipal Court's judgment of dismissal did not indicate it was "without prejudice." Therefore, the judgment was entered "with prejudice" and res judicata as to the matter at issue. Thus, the court determined appellant's complaint was barred as a matter of law. Appellant now appeals and assigns the following error:

{¶7} "The trial court erred in granting the motion for summary judgment of Defendant, North Coast Scenic, LLC."

{¶8} Appellee did not file a brief or otherwise enter an appearance in the appeal.

{¶9} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). De novo review requires the court of appeals to conduct an independent review of the evidence before the trial court, without deference to the

trial court's ultimate judgment. *Zoldan v. Vill. of Lordstown*, 11th Dist. Trumbull No. 2014-T-0002, 2014-Ohio-5472, ¶19.

{¶10} Appellant argues that the Municipal Court's judgment dismissing its complaint was without prejudice and, as a result, was not on the merits. Moreover, appellant notes that the dismissal was premised upon its capacity, or standing, to bring the suit, a purely procedural matter that, again, was not on the merits. Accordingly, appellant maintains, as a matter of law, the doctrine of res judicata cannot bar litigation of the subsequent complaint.

{¶11} The doctrine of res judicata precludes all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous cause of action where there was a valid, final judgment rendered *upon the merits. Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

{¶12} In the Municipal Court case, the trial court adopted the magistrate's decision granting appellee's Civ.R. 12(B)(6) motion based upon appellant's lack of capacity to sue. Typically, dismissal of an action because a party lacks standing or capacity to sue is *not* a dismissal on the merits. *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶51; *see also Schlenker Ent., LP v. Reese*, 3d Dist. Auglaize Nos. 2-10-16 & 2-10-19, 2010-Ohio-5308, ¶44; *Natl. Crime Reporting, Inc. v. McCord & Akamine, LLP*, 177 Ohio App.3d 551, 2008-Ohio-3950, ¶10 (dismissal for lack of capacity to sue is a procedural matter, rather than a matter concerning the merits of the case); *Superior Piping Contr., Inc. v. Reilly Industries, Inc.*, 8th Dist. Cuyahoga No. 84871, 2005-Ohio-1318, ¶10 (a dismissal for lack of standing is not on the merits).

4

{¶13} A dismissal of a suit, in order to be effective as a bar to a future action, *must be* on the merits or substance of the case. *L & W Supply Co., Inc. v. Constr. One, Inc.*, 3d Dist. Hancock No. 5-99-55, 2000 Ohio App. LEXIS 1414, *9 (Mar. 31, 2000). Usually, when the term "merits" is used in connection with the determination of an action, it contemplates the consideration of substance, not simply of form or procedure; of legal rights, not of mere defects of the process or the technicalities of practice. *Id.*, quoting 1 O Jur 3d, Actions § 172. As a result, because the Municipal Court's judgment was premised upon appellant's capacity to sue, it should not have been on the merits. Since, however, there was no appeal from the municipal court judgment, the sole question here is whether it was, in fact, dismissed with or without prejudice.

{¶14} As the common pleas court noted, Civ.R. 41(B)(3) and (4) apply to the prior judgment of dismissal by the municipal court. Those sections state, in pertinent part:

> (3) Adjudication on the merits; Exception.
>
> A dismissal under division (B) of this rule *and any dismissal not provided for in this rule*, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
>
> (4) Failure other than on the merits.
>
> A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits:
>
> (a) lack of jurisdiction over the person or the subject matter;
>
> (b) failure to join a party under Civ.R. 19 or Civ.R. 19.1. Emphasis added.

{¶15} "[A] ruling on a Civ.R. 12(B)(6) motion can be an adjudication of the merits of the claim." *Hutcheson v. Ohio Auto. Dealers Assn.,* 8th Dist. Cuyahoga No. 97394,

5

2012-Ohio-3685, ¶19, citing Civ.R. 41(B). Such a dismissal falls under Civ.R. 41(B)(3)'s catch-all provision as "any dismissal not provided for in this rule." *Grippi v. Cantagallo*, 11th Dist. Ashtabula No. 2011-A-0054, 2012-Ohio-5589, ¶13.

**{¶16}** The judgment entry of dismissal filed by the Municipal Court did not include language indicating that it was other than "on the merits," and it did not expressly state it was entered without prejudice. Moreover, the dismissal was not premised upon the bases set forth under Civ.R. 41(B)(4)(a) or (b). Therefore, even though the case law is clear that it *should* have been a dismissal otherwise than on the merits, by operation of Civ.R. 41(B)(3) and (4), it was an "adjudication on the merits."

**{¶17}** Appellant, however, cites *Troyer v. Janis*, 132 Ohio St.3d 229, 2012-Ohio-2406, for the proposition that the Municipal Court's dismissal operated as a failure otherwise than on the merits. *Troyer* is distinguishable from this case.

**{¶18}** In *Troyer*, patients argued they were permitted to refile their medical malpractice action under the saving statute even though the dismissal did not indicate it was without prejudice. The patients asserted the previous dismissal, which was a result of their failure to attach an affidavit of merit pursuant to Civ.R. 10(D)(2), was an adjudication otherwise than on the merits. The Ohio Supreme Court agreed. The Court pointed out the requirement of an affidavit of merit applies only to medical malpractice claims. The Court further emphasized that Civ.R. 10(D)(2)(d) expressly states that "any dismissal for failure to comply shall be a dismissal otherwise than on the merits." *Id.* at ¶15. The Court therefore held Civ.R. 10(D)(2)(d) represents a narrow, specific exception to the general rules governing dismissals set forth under Civ.R. 41(B)(3) and (4). *Id.*

6

{¶19} This case is not a medical malpractice action, and the issue of capacity to sue is not a matter addressed by Civ.R. 10. Accordingly, *Troyer* is inapplicable to this case.

{¶20} The Municipal Court's dismissal, premised upon appellant's lack of standing, should have been expressly entered without prejudice. It was not, but appellant failed to appeal that order. The case law indicates that an appeal to convert that judgment to one "other than on the merits" would likely have been successful. Because there was no appeal from that decision, however, the judgment must stand. Under these circumstances, therefore, the dismissal with prejudice operated as an adjudication on the merits that barred appellant's subsequent complaint by operation of the doctrine of res judicata. The trial court did not err in awarding appellee summary judgment.

{¶21} Appellant's assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.