HATCHER et al., Appellants,

v.

OLIVER, Appellee.

[Cite as *Hatcher v. Oliver,* 164 Ohio App.3d 290, 2005-Ohio-5818.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2005–0003.

Decided Oct. 29, 2005.

Miles D. Fries, for appellants.

Gail Storck, for appellee.

HOFFMAN, Presiding Judge.

{¶ 1} Appellants, Denise and James Hatcher, appeal the December 21, 2004 judgment entry of the Muskingum County Court of Common Pleas granting summary judgment in favor of appellee, Adam Oliver.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} This matter arises out of a December 25, 2000 automobile accident. Appellants sustained both bodily injury and property damages as a result of the accident. Appellants filed suit in the Small Claims Court of Muskingum County, claiming that "insurance for Oliver wouldn't pay the fair value of car and cut off rental when attorney was mentioned." Appellants sought $3,000 for their property damage.

{¶ 3} Appellants maintain, prior to the small-claims hearing, that they had several conversations with Sheri Doty, a claims representative for Nationwide Insurance, Oliver's insurance carrier. Appellants assert that Doty represented on numerous occasions that bodily-injury and property-damage claims were separate claims, and settlement of one would not affect the other. Appellants maintain that they informed Nationwide that Denise Hatcher's treatment was ongoing, and discussion of her settlement would be premature.

{¶ 4} On March 16, 2001, the trial court conducted a hearing on appellants' claim. By judgment entry on March 22, 2001, the trial court awarded appellants damages in the amount of $2,500 for their property-damage claim. Appellee

satisfied the judgment, which was memorialized with a notice of satisfaction of judgment on October 26, 2001, and the case was dismissed. Appellants did not execute a release.

{¶ 5} On January 31, 2002, appellants initiated this action in the Muskingum County Court of Common Pleas, seeking damages resulting from Denise Hatcher's bodily injury and other damages incurred as a result of the accident.

{¶ 6} On April 14, 2003, appellees moved the trial court for summary judgment. By judgment entry on December 21, 2004, the trial court entered summary judgment in favor of appellee.

{¶ 7} It is from the December 21, 2004 judgment entry that appellants now appeal, assigning as error:

{¶ 8} "I. The splitting of causes of action arising out of a motor vehicle accident is permissible when acquiesced in by an adverse party." [1]

{¶ 9} Appellants argue that they relied upon representations made by appellee, through his authorized agents; therefore, the trial court erred in granting appellee's motion for summary judgment. Specifically, appellants assert that the splitting of their bodily-injury and property-damage causes of action arising out of the motor-vehicle accident did not bar the subsequent action because appellee acquiesced, waiving any objection thereto.

{¶ 10} Appellants submit the affidavit of James Hatcher, which avers:

{¶ 11} "I asked her if there was any reason that we could not settle the bodily injury claims of myself and the children and still dispute the property damage offer. Ms. Doty made it clear to me on more than one occasion that these were 'two separate deals.' She told me that we could pursue our dispute of the property damage claim separately from the bodily injury claims. I emphasized to her that my wife, Denise, who was also injured, was still receiving treatment and that we were not ready to settle her bodily injury claim. She told me that the action that we were going to take concerning the damage to the car would have no effect on Denise's claims or any of the other bodily injury claims."

{¶ 12} Appellants cite *Shaw v. Chell* (1964), 176 Ohio St. 375, 27 O.O.2d 348, 199 N.E.2d 869, holding:

{¶ 13} "By failing to so amend his answer, defendant certainly waived his right to object that the concurrent pendency of the property damage and personal injury actions represented a splitting of plaintiff's single cause of action. See *Russell v. Drake* (1956), 164 Ohio St. 520 [58 O.O. 387], 132 N.E.2d 467. *Also,*

---

1. Initially, we note that appellants' brief fails to separately set forth the assignments of error pursuant to App.R. 16(3)(4). However, we surmise from appellants' brief this sole assignment of error.

*defendant thereby in effect consented to the splitting of plaintiff's single cause of action against defendant into a cause of action in the Municipal Court for recovery of damages to plaintiff's property and a cause of* action in the Common Pleas Court for recovery on account of plaintiff's personal injuries.

{¶ 14} " * * *

{¶ 15} "In our opinion, where one's person and property are both injured by the negligence of another and where the former, as plaintiff, brings an action against the latter, as defendant, to recover for damages to his property only, and where, before the trial of such action, plaintiff brings a subsequent action against such defendant to recover for damages only to his person, and where the defendant does not object to either action on the ground that there is another action pending between the same parties for the same cause until after judgment is rendered for the plaintiff against the defendant in the property damage action, *the defendant will be considered as having impliedly consented to the splitting of plaintiff's single cause of action,* and such defendant cannot thereafter plead the judgment in the property damage action as a bar to the personal injury action." (Emphasis added.)

{¶ 16} While we recognize that *Shaw* differs both factually and procedurally from the case sub judice, we find the holding in *Shaw* relevant to this case. *Shaw* created an exception to the single-cause-of-action rule based upon effectively implied consent. We hold that *Shaw* recognized that a representative can inferentially consent to the splitting of a single cause of action through his or her actions or declarations.

{¶ 17} We analogize our holding to the exception created by the Ohio Supreme Court in cases dealing with contractual limitations on actions in which an insurance representative by his acts or declarations impliedly waives the defense. In *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311, syllabus, the Supreme Court of Ohio held with regard to the issue of waiver:

{¶ 18} "An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired."

{¶ 19} While we recognize that *Hounshell* speaks to actions waiving contractual limitations on actions set forth in an insurance contract, we find the waiver rationale sufficiently analogous to conclude that the actions of the agent herein demonstrated waiver of the insurance company's right to have both appellants'

personal injury claim and property damage claim presented in a single cause of action.

{¶ 20} The affidavit of James Hatcher evidences that Nationwide's representative implied her consent to splitting the single cause of action. By her acts and declarations, Sheri Doty represented her consent to separating the personal injury and property damage claims. As did the Ohio Supreme Court in *Shaw*, we believe that Doty's statements as an authorized representative for appellee are certainly sufficient to demonstrate implied, if not direct, consent to appellants' splitting of their cause of action.

{¶ 21} Therefore, viewing the evidence in a light most favorable to the nonmoving plaintiff, we find that genuine issues of material fact remain, and the trial court erred in granting summary judgment in favor of appellee.

{¶ 22} The December 21, 2004 judgment entry of the Muskingum County Court of Common Pleas is reversed, and the matter is remanded for proceedings in accordance with the law and this opinion.

Judgment reversed
and cause remanded.

WISE and EDWARDS, JJ., concur.