OPINION
{¶ 1} Appellants, Joseph Gutierrez and Carol Gutierrez, appeal from a judgment of the Lake County Court of Common Pleas granting summary judgment in favor of appellees, Mika Metal Fabricators, and Scott Mika ("Mika").
 {¶ 2} On October 30, 2003, appellant Joseph Gutierrez was involved in a motor vehicle accident with appellee, Scott Mika. Following the accident, appellants retained the Elk and Elk law firm to represent them. On November 13, 2003, Elk and Elk sent a letter of representation for "a claim for injuries" due to the accident, to Travelers Property and Casualty Insurance Company ("Travelers"), the insurer for appellees. On November 25, 2003, appellants filed a complaint for property damage to their vehicle from the accident in Willoughby Municipal Court. It is undisputed that Joseph told a claims representative for Travelers that he would be representing himself in the property damage claim. Appellees were provided legal representation by Travelers. A hearing was held on January 5, 2004. A judgment entry was entered on January 8, 2004, awarding appellants the sum of $2,234.01 plus interest and costs.
 {¶ 3} On February 18, 2004, appellees filed a satisfaction of judgment signed by appellants. On May 18, 2005, appellants filed an action in the Lake County Court of Common Pleas, against appellee Mika, alleging negligence and seeking damages for bodily injury and loss of consortium incurred as a result of the October 30, 2003 accident. Appellees filed an answer asserting the affirmative defense of res judicata.
 {¶ 4} On June 13, 2005, appellees filed a motion, brief, and exhibits for summary judgment. Appellees asserted that based upon the prior lawsuit, against the same parties, the claims of appellants were barred by the doctrine of res judicata.
 {¶ 5} On August 4, 2005, appellants filed a brief and exhibits in opposition, asserting that the judgment in the prior case was procured by fraud. Pursuant to its August 18, 2005 judgment entry, the trial court granted appellees' motion for summary judgment. It is from that judgment entry that appellants filed a timely appeal, asserting the following assignments of error:
 {¶ 6} "[1.] The trial court erred in granting defendants-appellees' motion for summary judgment for failing to plead fraud because the civil rules do not require plaintiffs to plead facts in anticipation of an affirmative defense that may be asserted.
 {¶ 7} "[2.] The trial court erred in granting defendants-appellees' motion for summary judgment where a fact issue remains as to whether the prior judgment to recover for property damages was obtained by "fraud or collusion," which would operate as an exception to res judicata."
 {¶ 8} Appellants' first and second assignments of error both challenge the trial court's decision granting summary judgment and shall be addressed in a consolidated fashion. In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 9} The Ohio Supreme Court stated in Dresher v. Burt,75 Ohio St.3d 280, 296, 1996-Ohio-107: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of facton a material element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case." If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. Id. at 293. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).
 {¶ 10} Appellate courts review a trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 11} In the case sub judice, appellees asserted res judicata as an affirmative defense to appellants' claim for personal injuries, based upon the prior Willoughby Municipal Court cause of action for property damage to their vehicle from the October 30, 2003 accident.
 {¶ 12} Theories of res judicata are used to prevent relitigation of issues already decided by a court on matters that should have been brought as part of a previous action. Res judicata applies to extinguish a claim by the plaintiff against the defendant "`even though the plaintiff is prepared in thesecond action (1) To present evidence or grounds or theories ofthe case not presented in the first action, or (2) To seekremedies or forms of relief not demanded in the first action.'" (Emphasis sic.) Grava v. Parkman Twp., 73 Ohio St.3d 379, 383, 1995-Ohio-331. (Quoting 1 Restatement of the Law 2d Judgments (1982) 209, Section 25.)
 {¶ 13} With regard to the claim-preclusive effect of the doctrine of res judicata, in Rush v. Maple Heights, (1958),167 Ohio St. 221, at the syllabus, the Supreme Court of Ohio stated "[w]here a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act."
 {¶ 14} "`A final judgment * * * upon the merits, withoutfraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" Grava, at 381, (Emphasis added), quoting, Norwood v.McDonald (1943), 142 Ohio St. 299, at paragraph one of the syllabus. See, also, Portage Cty. Bd. of Commrs v. Akron,109 Ohio St. 3d 106, 2006-Ohio-954, at ¶ 84.
 {¶ 15} In support of their motion for summary judgment, appellees presented evidence of the prior judgment from Willoughby Municipal Court for property damage arising from the collision, along with a copy of the satisfaction of judgment, signed by appellants and filed with the court on February 18, 2004. On May 18, 2005, appellants filed a complaint for personal injuries from the same accident, in the Lake County Court of Common Pleas. Thus, it is clear that appellees met their burden of proof that the instant case arises out of the same operative facts and is barred by res judicata.
 {¶ 16} With the burden shifted, appellants had a responsibility under Civ.R. 56(E) "to set forth specific facts showing that there is a genuine issue for trial, and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher at 293.
 {¶ 17} Appellants responded to the claim of res judicata by asserting that the prior judgment was obtained through fraud committed by a claims representative of appellees' insurance carrier. Thus, appellants argued that res judicata did not bar the subsequent cause of action for personal injuries.
 {¶ 18} Appellants assert that the trial court erred in granting summary judgment in favor of appellees based upon their failure to plead fraud or collusion in their complaint.
 {¶ 19} In its judgment entry, the court held that "this Court is precluded from addressing issues which the Plaintiff did not raise in the Complaint." Thus, the trial court failed to consider the merits of appellants' claim that the earlier property damage judgment was obtained by fraud. Appellants argue correctly that a response to an affirmative defense, here res judicata, is not required, and is considered denied, pursuant to Civ. R. 8(D). However, even if the fraud claim was properly before the court, there was no prejudicial error to appellants. Upon our independent review of the documents and records presented in consideration for summary judgment, appellees failed to offer evidence of fraud to rebut the application of res judicata.
 {¶ 20} In order to allege fraud, it is necessary that a false representation be made, or there be concealment when a duty to speak exists. Betsa v. Ariens Co., 11th Dist No. 91-L-119, 1992 Ohio App. LEXIS 2521, at 6. Silence, in the absence of a duty to speak, does not constitute fraud. Id. at 7.
 {¶ 21} In the case sub judice, appellants contend that Marjorie Kelbacher ("Kelbacher"), the claims representative for Travelers, "acted in a fraudulent or collusive manner" by failing to disclose to appellants that by pursuing their claim of property damage, res judicata would apply to any future litigation concerning the accident.
 {¶ 22} Appellants presented the deposition of Kelbacher to establish that counsel for appellees advised Kelbacher that a judgment on the property damage cause of action claim would bar future litigation for damages arising from the accident.
 {¶ 23} However, the crux of this issue is whether Kelbacher had a duty to disclose this information to appellants. Appellants fail to cite any authority for the proposition that appellees' insurance carrier or its representatives had a duty to disclose the potential application of res judicata to appellants' future claims.
 {¶ 24} Further, evidence was produced that appellants retained legal counsel folllowing the accident, and it was decided that appellants would proceed pro se to file an action for property damages, and that counsel would represent them in the action for bodily injury claims.
 {¶ 25} Although appellants contend that they were unrepresented in the municipal court action, it is clear they consulted with their retained counsel prior to filing the action, and again prior to signing the satisfaction of judgment.
 {¶ 26} The affidavit of appellant, Joseph Gutierrez, states in pertinent part: "Prior to February of 2005, I was represented by * * * the Elk Elk law firm. * * * I was told by the law firm to pursue my claim for property damage on my own and to pursue it in Small Claims Court. I * * * filed a Small Claims complaint which went to a hearing and resulted in a judgment * * *. I subsequently received a letter from * * * attorney for the Defendants [appellees], requesting that I sign a Satisfaction of Judgment. I conferred with the Elk Elk law firm and was told that it was okay for me to sign * * * which I did and which I forwarded back * * *. At no time did I realize * * * that signing the Satisfaction of Judgment would * * * prevent any claim * * * for personal injuries." The satisfaction of judgment stated "* * * judgment * * * has been paid and should be marked as a matter of record on the Court's docket as satisfied."
 {¶ 27} Assuming that appellants were without the benefit of counsel, "`"pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors."'" (Citations omitted.) Sonoga v.Trumbull Cty. Child Support Enforcement Agency, 11th Dist. No. 2004-T-0115, 2005-Ohio-3615, at ¶ 10. We conclude that appellants failed to provide any evidence of fraud or collusion to rebut appellees' claim of res judicata and are bound by the consequences of their own actions in initiating the prior cause of action in the Willoughby Municipal Court.
 {¶ 28} In their reply brief, appellants rely on Hatcher v.Oliver, 164 Ohio App. 3d 290, 2005-Ohio-5818. In Hatcher, the Fifth District held that splitting a cause of action for bodily injury and property damages does not bar the subsequent action if the insurer has impliedly consented to splitting the single cause of action.
 {¶ 29} Appellants failed to raise this argument in the summary judgment proceeding. However, even if it was properly before this court, appellants' argument must fail.
 {¶ 30} Hatcher is distinguishable from the case sub judice. Unlike in Hatcher, Kelbacher, acting as the claims representative for Travelers, made no representations during the pendency of the prior action that settlement of the claim for property damage would not affect appellants' claims for injuries.
 {¶ 31} Viewing the evidence in a light most favorable to the non-moving party, we conclude that there is no genuine issue of material fact that appellants are barred by the doctrine of res judicata from bringing these claims against appellees in the Lake County Court of Common Pleas.
 {¶ 32} Thus, albeit for the wrong reason, the trial court did not err in granting appellees' motion for summary judgment as a matter of law. Accordingly, appellants' first and second assignments of error are without merit.
 {¶ 33} The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs, O'Niell, J., dissents with Dissenting Opinion.