{¶ 34} The outcome in this case is not only contrary to law, it is fundamentally unjust. The record in this matter is replete with evidence that an insurance company used an attorney to trick claimants with the sole purpose of cheating them. It is wrong, and it cannot be countenanced by this, or any other, court.
 {¶ 35} The trial court is misguided in its ruling that a party defending against an AFFIRMATIVE DEFENSE of res judicata is required to plead his or her defenses to the affirmative defense in the initial complaint! I will ignore for the moment that the trial court was improperly dealing with an affirmative defense, which should have been a motion to dismiss, when it ruled on the summary judgment motion. That error alone is sufficient to reverse the erroneous judgment as a matter of law. But there is more.
 {¶ 36} In attempting to respond to the insurance company's legally defective motion for summary judgment, the injured parties provided clear evidence of trickery by the insurance company in their own records. Appellees' insurance adjuster, according to the trial court, "was advised by legal counsel that if the judgment in the Willoughby Municipal Court case was satisfied, Plaintiffs would be barred from pursuing their action for personal injuries." Thus, the whole fraudulent proceeding was reduced to an exercise in determining who had the best legal team. Forget about justice, fraud, or compensation for injured motorists. Victory at all costs is the goal. Moreover, putting this gamesmanship aside, summary judgment was not appropriate in this matter, as there was a clear splitting of causes of action with regard to property damage and personal injury.
 {¶ 37} As stated by the Fifth District Court of Appeals:
 {¶ 38} "Shaw created an exception to the single-cause-of-action rule based upon effectively implied consent.[1] We hold that Shaw recognized that a representative can inferentially consent to the splitting of a single cause of action through his or her actions or declarations.
 {¶ 39} "We analogize our holding to the exception created by the Ohio Supreme Court in cases dealing with contractual limitations on actions in which an insurance representative by his acts or declarations impliedly waives the defense. InHounshell v. Am. States Ins. Co.,[2] the Supreme Court of Ohio held with regard to the issue of waiver:
 {¶ 40} "`An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired.'"[3]
 {¶ 41} Thus, it is obvious the Supreme Court of Ohio looks with disfavor upon the actions of an insurance company taking affirmative acts that could preclude a claimant's right to be fully compensated.
 {¶ 42} The trial court erroneously ruled on a res judicata defense by utilizing the summary judgment procedure found in Civ.R. 56. However, that is the entry that is before us. The standard of review for the granting of a motion for summary judgment is de novo.[4] There is no question that the evidence adduced at the summary judgment exercise, clearly demonstrating a pattern of deceit and trickery in procuring the earlier judgment, precludes the application of res judicata to this matter. The trial court was wrong, and its judgment should be reversed.
[1] See Shaw v. Chell (1964), 176 Ohio St. 375.
[2] Hounshell v. Am. States Ins. Co. (1981),67 Ohio St.2d 427, syllabus.
[3] Hatcher v. Oliver, 164 Ohio App.3d 290, 2005-Ohio-5818, at ¶ 16-18.
[4] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.